MATTHEW L. SEROR (SBN: 235043)
*mseror@buchalter.com*
MICHAEL J. MUSE-FISHER (SBN: 253232)
*mmuse-fisher@buchalter.com*
**BUCHALTER NEMER**
A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-5704
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Defendants
J.C. PENNEY CORPORATION, INC.
and KNL, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LA PRINTEX INDUSTRIES, INC. | Case NO. CV 10-0030 GHK (CWx) |
| Plaintiff, | *Assigned to the Hon. Carla Woehrle* |
| vs. | **ORDER REGARDING STIPULATED PROTECTIVE ORDER** |
| BURLINGTON COAT FACTORY DIRECT CORPORATION, etc., *et al.,* | |
| Defendants. | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of the parties, ORDERED:

BN 9092829v1    1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ORDER REGARDING STIPULATED PROTECTIVE ORDER
CV 10-0030 GHK (CWX)

1. **Non-disclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no Stamped Confidential Document as the term is defined below, may be disclosed to any person.

2. **Stamped Confidential Document**. Any information, document, or thing produced by any party, third party, or non-party (the "Producing Entity") in connection with this litigation that is reasonably and in good faith believed by counsel for any Producing Entity to contain trade secrets,[1] including but not limited to information regarding: sales figures, distributors, manufacturers, purchasers, marketing, advertising, or other commercial information subject to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure may be designated as "CONFIDENTIAL." A "Stamped Confidential Document" shall mean any document which bears the legend (or which shall otherwise have the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7). The designation of Stamped Confidential Documents shall be made in good faith, upon a reasonable belief that such designation is appropriate. For purposes of this Order, the term "document" shall mean all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Fed. R. Civ. P. 34, subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain material entitled to protection, may be accorded status as a Stamped Confidential Document, but, to the extent feasible,

---

[1] A "trade secret" is "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." CAL. CIVIL CODE § 3426.1.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

shall be prepared in such a manner that the confidential information is bound separately from that entitled to protection.

3. **Permissible Disclosures**. Notwithstanding paragraph 1 above, Stamped Confidential Documents may be disclosed to the parties in this action, counsel for the parties in this action; to the partners, associates, staff attorneys, paralegals, secretaries, paralegal assistants and employees of such attorneys; to translators; to persons with prior knowledge of the Stamped Confidential Documents or the confidential information contained therein and their agents; and to the Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed:

(a) to any person designated by the parties as experts or to outside consultants or experts retained for the purpose of assisting counsel in the litigation and; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

(c) provided, however, that each person in categories identified in subparagraphs (a) and (b) above to whom disclosure of Stamped Confidential Documents is to be made shall, in a written instrument (in the form of the Declaration attached as Exhibit A to this Order) executed prior to any disclosure, acknowledge that such person has read and understands that terms of this Order and agrees to comply with, and be bound by, this Order until modified by further Order of this Court or by agreement of the parties hereto. Counsel for each party shall maintain copies of executed recitals with respect to all persons described in subparagraphs (a) and (b) to whom counsel has disclosed or exhibited any Stamped Confidential Documents.

4. **Motion to Disclose**. In the event that a party desires to provide access to Stamped Confidential Documents hereunder to any person or category of persons

not included in paragraph 3 hereof, that party shall move this Court for an order that such person or category of persons may be given access to such documents. The party asserting confidentiality shall have the burden of establishing the confidentiality of any documents challenged in a motion to disclose. In the event that the motion is granted, such person or category of persons may have access to such documents on whatever conditions or terms the Court shall require.

5. **Declassification**. The parties agree to work together in good faith to resolve disputes over whether particular documents constitute Stamped Confidential Documents. Should the parties fail to agree, a party (or aggrieved entity permitted by the Court to intervene for such purpose) may move this Court for an order that Stamped Confidential Documents are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure; or that materials voluntarily disclosed by a party in these proceedings should not be subject to the protections of this Order. In addition to service on the opposing party, a copy of any such motion shall be served on any non-party who is the Producing Entity with respect to the materials at issue and such non-party Producing Entity shall have standing to oppose such motion before the Court. The party asserting confidentiality shall have the burden of establishing the confidentiality of any document that is the subject of a motion to declassify. Until declassified by the Court, all Stamped Confidential Documents shall remain subject to the terms of this Protective Order.

6. **Timing for Designation**. The Producing Entity may identify and mark Stamped Confidential Documents when answers to interrogatories, request for admissions or request for the production of documents are served; when affidavits, pleadings or memoranda are served; when copies of documents are provided; or at the time of the inspection of premises or things. The parties agree not to disclose any Stamped Confidential Documents pursuant to the terms of this Stipulation prior to and regardless of entry of an order thereon.

BN 9092829v1    4

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ORDER REGARDING STIPULATED PROTECTIVE ORDER
CV 10-0030 GHK (CWX)

7. **Inadvertent Failure to Effect Designation**. Inadvertent failure by a Producing Entity to designate Stamped Confidential Documents as such prior to their disclosure or production will not prevent a subsequent designation by letter to the receiving party promptly sent after discovery of such inadvertent failure, provided that any disclosure of such documents made by the receiving party prior to any subsequent designation of material as Stamped Confidential Documents shall not be a violation of this Order.

8. **Confidential Information in Depositions**.

(a) A deponent may during the deposition be shown, and examined about, Stamped Confidential Documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 3 are complied with. In instances where the provisions of paragraph 3 have not been complied with, the party seeking to show and examine a deponent about a document designated as "Confidential" shall have the burden of establishing said deponent's prior knowledge of confidential information contained in the documents before showing or examining deponent about said documents or the confidential information contained therein. A deponent who is not a party or a representative of a party shall be furnished with a copy of this Order before being examined about, or asked to produce, potentially confidential documents, and shall acknowledge compliance with this Order by executing the recital in the form attached as Exhibit A hereto.

(b) A party or nonparty deponent may designate testimony or exhibits as Stamped Confidential Documents, in accordance with the terms of paragraph 2 during a deposition by so stating on the record either at the commencement of the proceeding or at any time during the proceeding, in which event all persons who are not entitled to be privy to the confidential information contained in such documents shall be excluded from those portions of the proceeding at which such information is disclosed. In the event that testimony or

BN 9092829v1　　5

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ORDER REGARDING STIPULATED PROTECTIVE ORDER
CV 10-0030 GHK (CWX)

exhibits are designated Stamped Confidential Documents during a proceeding, the Court Reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as Stamped Confidential Documents and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits "Confidential Pursuant to Court Order."

(c) In addition, parties and nonparty deponents may, within 30 (thirty) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as Stamped Confidential Documents in accordance with paragraph 2 hereof. Such pages within the deposition transcript (or exhibits thereto) may be designated by marking such pages as indicated in paragraph 2 above. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential. If a timely designation is made, the designated portions and exhibits shall be filed under seal separately from the portions and exhibits not so designated.

9. **Confidential Information at Trial**. This Stipulation and Protective Order only governs pre-trial matter in this action. Confidentiality concerns at trial will be separately addressed to the Court at that time as appropriate.

10. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of Stamped Confidential Documents which a party has obtained in this action under the terms of this Order, such party shall promptly notify the Producing Entity or other person who designated the documents as such of the pendency of such subpoena or order. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials; provided that the designating party shall bear all expenses, including but not limited to attorneys' fees and any costs incurred by the subpoenaed party in connection therewith.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

11. **Filing**. Stamped Confidential Documents need not be filed with the Clerk except when deemed in good faith by counsel to be required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters, including discovery-related matters, pending before the Court. If necessary, the filing party shall lodge the Stamped Confidential Documents with the Court along with an *ex parte* application to file them under seal, pursuant to Local Rule 79-5.1. If filed under seal, they shall remain sealed while in the office of the Clerk so long as they retain their status as Stamped Confidential Documents and/or until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. All papers or other filings with the Court that refer to confidential information shall designate the particular aspects that are confidential in order to assist the Court from inadvertently disclosing confidential information.

12. **Client Consultation**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and relying generally on examination of Stamped Confidential Documents.

13. **Use**. Persons obtaining access to Stamped Confidential Documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative or judicial proceedings.

14. **Non-Termination**. The provisions of this Order shall not terminate at the conclusion of this action and shall remain in full force and effect after the conclusion of this action to provide the Court with jurisdiction to enforce its terms. Within a hundred twenty (120) days after final conclusion of all aspects of this litigation, Stamped Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance

BN 9092829v1                                    7

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ORDER REGARDING STIPULATED PROTECTIVE ORDER
CV 10-0030 GHK (CWX)

herewith, and shall deliver the same to counsel for the party who produced the documents not more than one hundred fifty (150) days after final termination of this litigation. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, transcripts, legal memoranda, correspondence, and attorney and consultant work product, even if such materials contain Stamped Confidential Documents. Any such archival copies that contain or constitute Stamped Confidential Documents remain subject to this Protective Order and shall be maintained in a safe and secure manner.

15. **Modification and No Waiver**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order (either by motion or agreement of the parties hereto, subject to Court approval), from objecting or seeking further limitations on discovery that it believes to be otherwise improper, or from seeking further or different orders from the Court. In addition, by stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order

16. **Voluntary Dissemination and Waiver**. Nothing contained herein shall preclude a Producing Entity from (a) using or disseminating its own confidential information in any way; (b) disclosing information taken from a Stamped Confidential Document to any person who on the face of that document is shown as having previously received the document; (c) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the Producing Entity which is the source of said information or which is, or at any time hereafter becomes, available to the public or which, after access is gained through disclosure in this action, is at any time obtained by the recipient from any other person, firm or

company having no obligation to or relationship with the source of said information; or (d) waiving any provision in this Order with respect to any Stamped Confidential Document designated by it without further order of the Court.

17. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of Stamped Confidential Documents. Parties shall not duplicate any Stamped Confidential Documents except working copies and for filing with the Court under seal.

18. The parties recognize that, during the course of this action, there may be produced Stamped Confidential Documents originating from a non-party to which there exists an obligation of confidentiality. Documents originating with a non-party that a Producing Entity reasonably and in good faith believes are subject to a confidentiality obligation may, where otherwise appropriate, be designated Stamped Confidential Documents and shall be subject to the restrictions on disclosure specified in this order.

SO ORDERED.

Dated: May 31, 2011

By: *Carla M. Woehrle*
Magistrate Judge of the U.S. District Court

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 9092829v1    9

ORDER REGARDING STIPULATED PROTECTIVE ORDER
CV 10-0030 GHK (CWX)

# EXHIBIT A

## **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

1. I, _____, have read the foregoing Stipulation and Order of Confidentiality entered in the action entitled *L.A. Printex Industries, Inc. v. Burlington Coat Factory Direct Corporation, et al.*, CV-10-0030 (CWx) on _____[Date]_____, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as "Confidential" that are furnished to me as set forth in the Order.

2. I further agree not to disclose to anyone and not to make any copies of information, documents or materials designated by the parties and/or nonparties as "Confidential" furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Order and the punishment of violations thereof.

Dated:_____

By:_____

_____

[Signature]

Buchalter Nemer
A Professional Corporation
Los Angeles